UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| I:MAN; GREGORY; WILDER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No.: 1:23-CV-328-HAB-SLC |
| v. | ) |
| | ) |
| A WOMAN:PAM; HARRIS | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Gregory Wilder (Wilder), proceeding pro se, filed an action in the Southern District of Indiana against the Defendant who appears to be an employee of the Grant County Clerk's office. At the top of the first page of Wilder's filing, he identified the court in which he was filing the suit as "In the Wilder court at the Southern District of Indiana." (ECF No. 1). The caption of the filing designates Wilder as the "prosecutor" who is "pursuing" the Defendant, "wrongdoer." After determining that venue was improper, the Southern District transferred the case to this Court where, for the reasons below, it will be DISMISSED.

## DISCUSSION

Although Wilder is not a prisoner and he has paid the entire filing fee, this Court retains the inherent authority "to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status." *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). The court also has an independent obligation to ensure that it has jurisdiction over plaintiff's claims. *See Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731 (7th Cir. 2021).

Wilder styles his claim as one for trespass, but after sifting through an overabundance of sentences beginning with the characters "i:man," what Wilder appears to assert is that his due

1

process rights were violated when the Defendant refused to "issue a docket/claim number" for his claim. He states that the Defendant told him by telephone that he must pay a filing fee and submit his claim in a court-approved format. (ECF No. 1, ¶1). Read liberally, Wilder seems to allege a violation of one of the most common federal statutes: 42 U.S.C. §1983, which allows a plaintiff to sue a person who deprived the plaintiff of his constitutional rights while acting under color of state law. His problem, however, is that court employees and clerks enjoy quasi-judicial immunity under § 1983 when performing non-discretionary or administrative tasks at the direction of a judicial officer, or acts that are integral to the judicial process. *Zoretic v. Darge*, 832 F.3d 639, 643 (7th Cir. 2016); *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (absolute immunity is necessary to protect "the *judicial process* from the harassment and intimidation associated with litigation."); *Butler v. Wisconsin*, 2022 WL 18025224 (E.D.Wis., December 30, 2022) (court clerks are immune from suit when performing functions intimately entwined with the judicial process).

In his filing, Wilder suggests that the Defendant called him and refused to issue a docket number without payment of the filing fee and a change in the format of the intended filing. (ECF No. 1, ¶1: "[Pam Harris] did contact i, by way of telephonic communications and did deny i, say pam said i, must pay to file claim of i, and that i, must change format of claim of i, to receive docket/claim number" [All sic]). The taking or filing of pleadings – precisely what Wilder complains of – are functions integral to the judicial process. Defendant did nothing more than require a properly submitted filing which are part of a clerk's official duties in support of the Court. Thus, the Defendant is entitled to quasi-judicial immunity and there is no basis for Wilder to assert a §1983 claim.

Because the Court finds no other legal basis for Wilder's claim against the Defendant nor any basis for the Court to exercise its jurisdiction, the Court will dismiss the complaint for failure

to assert sufficient facts to support federal jurisdiction and for failure to state a claim for which a federal court may grant relief.

## CONCLUSION

Based on the above reasoning, the Court *sua sponte* DISMISSES this action. The Clerk is DIRECTED to enter judgment in favor of the Defendant.

SO ORDERED on August 3, 2023

                                          s/ *Holly A. Brady*
                                          CHIEF JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT